UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

TATIANA DINS,

                        Plaintiff,

            -v-

NATIONSTAR MORTGAGE, LLC; U.S. BANK
AS TRUSTEE FOR THE LEHMAN XS TRUST
SERIES 2006-18N; DOES 1-100,

                        Defendants.

------------------------------------------------------------------ X

16-cv-2943 (KBF)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 13, 2017

KATHERINE B. FORREST, District Judge:

    Tatiana Dins, *pro se*, has brought this lawsuit against Nationstar Mortgage, LLC ("Nationstar"), U.S. Bank ("U.S. Bank") as trustee for the Lehman XS Trust Series 2006-18N ("Lehman XS Trust" or the "Trust"), and Does 1-100, contesting defendants' alleged claim to her property. Defendants have moved to dismiss the Verified Amended Complaint ("VAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendants' motion is GRANTED.

I.   BACKGROUND[1]

    On June 29, 2006, Dins executed a $137,300 Adjustable Rate Mortgage Note

---

[1] The following facts are taken from plaintiff's VAC. Dins attached numerous exhibits to her initial complaint, but none to the VAC. In light of plaintiff's *pro se* status and the clear indications in the VAC that she intended to re-attach the exhibits, the Court will treat the exhibits as if they were attached to the VAC. *See, e.g.*, *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 283 (S.D.N.Y. 2011). The Court also will consider the exhibits in deciding the motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court may consider documents attached to, incorporated by reference in, or integral to the complaint on a Rule 12(b)(6) motion).

1

("Note") with First National Bank of Arizona ("First National Bank"). (Note, ECF No. 1-2; VAC ¶ 10, ECF No. 14.) On that same date, she executed a Deed of Trust with First National Bank, which was secured by plaintiff's property located at 3045 Marina Bay Drive, Unit 4103, League City, Texas (the "property"). (Deed of Trust, ECF No. 1-1.) The Deed identified Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee for the lender, First National Bank, and the lender's successors and assigns. (*Id.* at 2, 3.) The Deed provides that MERS may exercise any of the rights under it, including foreclosure and sale. (*Id.* at 4.) It also states that the Note may transferred without notice to Dins. (*Id.* § 20.) On April 29, 2011, MERS assigned the Deed to Nationstar ("Assignment 1"). (VAC ¶¶ 14, 22.) It was recorded in Galveston County. (*Id.* ¶ 14.) Plaintiff was not notified of this assignment. (*Id.*) In May 2015, Nationstar assigned the Deed to the securitized Lehman XS Trust with U.S. Bank as trustee ("Assignment 2"). (*Id.* ¶ 19; *see also* Assignment 2, ECF No. 17-1.) It was recorded in Galveston County. (VAC ¶ 19.) Neither Nationstar nor U.S. Bank informed Dins of this assignment. (*Id.*) The Lehman XS Trust had "closed" on November 30, 2006, before Dins's loan was assigned to the Trust. (*Id.* ¶¶ 10, 12.)

Dins makes several allegations of impropriety by defendants and other non-parties. The gravamen of these allegations appears to be that: (1) because the cut-off date to accept loans into the Lehman XS Trust was November 30, 2006, Assignments 1 and 2, which occurred after this date, were void under the Trust's Pooling and Servicing Agreement ("PSA") and New York trust law, (*see, e.g., id.* ¶¶

2

27-39); and (2) "the Mortgage and Note were split, shattering the chain of title," (*see, e.g., id.* ¶¶ 39, 41). Accordingly, Dins alleges that defendants have no claim to her property. (*Id.* ¶ 43.) Dins also claims that First National Bank "table funded" her loan. (*Id.* ¶¶ 34, 35.)

The clear import of the VAC is that defendants have attempted or are attempting to foreclose on the property. Dins, however, has not included any specifics about any attempted foreclosures in her pleading.

Dins brought this lawsuit on April 20, 2016. (Compl., ECF No. 1.) She filed the VAC on July 21, 2016 against Nationstar, U.S. Bank, and unnamed individuals who "aided and abetted in the civil conspiracy to deny Plaintiffs' due process. (VAC ¶ 11.) On August 11, 2016, defendants moved to dismiss the VAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, ECF No. 15.) On September 7, 2016, Dins filed a "Second Amended Complaint," (ECF No. 21), which was construed as her opposition to the motion to dismiss, (ECF No. 26), and to which defendants replied, (ECF No. 22). This case was transferred to the undersigned from the Honorable Analisa Torres on November 22, 2016. On November 23, 2016, the Court issued an order noting that plaintiff has provided several addresses in her filings, and directing Dins to inform the Court of her current address. (ECF No. 28.) Plaintiff has not responded to the order.

## II.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must provide grounds upon which his claim rests through

3

"factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In applying this standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* The Court will give "no effect to legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). A plaintiff may plead facts alleged upon information and belief "where the facts are peculiarly within the possession and control of the defendant." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). But, if the Court can infer no more than the mere possibility of misconduct from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate. *Twombly*, 550 U.S. at 570; *Starr*, 592 F.3d at 321 (quoting *Iqbal*, 556 U.S. at 679).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may supplement the allegations in the complaint with facts from documents either referenced in the complaint or relied upon in framing the complaint. *See DiFolco*, 622 F.3d at 111 ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[W]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint[,] the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991))).

B.  Choice of Law

"As a general rule, a federal court sitting in diversity or with pendent jurisdiction over state law claims applies the choice of law rules of the state in which it sits." *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 434 F. Supp. 2d 203, 207-08 (S.D.N.Y. 2006) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941)). Therefore, this Court generally applies New York's choice of law rules because it sits in New York. "When confronted with a choice of law question, New York courts generally look to the law of the jurisdiction that has 'the greatest interest in the litigation,' as determined by the 'facts or contacts which . . . relate to the particular law in conflict.'" *Mendy v. JP Morgan Chase & Co.*, No. 12 Civ. 8252,

2014 WL 1224549, at *6 (S.D.N.Y. Mar. 24, 2014) (citations omitted). However, where the parties have agreed that a particular state's law will govern their dispute, "New York law gives full effect to the parties' choice-of-law provisions." *Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996). In this case, the Deed of Trust provides that the law of the jurisdiction in which the property is located (Texas) shall govern the Deed and Note. (Deed of Trust § 16.) Furthermore, the parties agree that the Trust itself was created under and is governed by New York law, (VAC ¶ 6; Resp. Opp'n 4-6, ECF No. 17). *See Cox v. Nationstar Mortg. LLC*, 15 Civ. 9901, 2016 WL 3926467, at *3 n.4 (S.D.N.Y. July 18, 2016) (citing *Chau v. Lewis*, 771 F.3d 118, 126 (2d Cir. 2014)) (implied consent sufficient to establish choice of law).

III. DISCUSSION[2]

    A. <u>Count I (Declaratory Relief)</u>

Count one of plaintiff's VAC is labeled "Declaratory Relief." Under the Declaratory Judgment Act ("DJA"), "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Court's exercise of jurisdiction under the DJA is discretionary. *See Dow Jones & Co. v. Harrods Ltd.*,

---

[2] The Court has jurisdiction pursuant to 28 U.S.C. § 1331 over plaintiff's federal claims under the Truth in Lending Act ("TILA") and has supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiff's state law claims. The VAC also asserts jurisdiction pursuant to various federal statutes other than TILA, including the Fair Debt Collection Practices Act and the "Securities Act of 33." (VAC ¶ 5.) Dins, however, includes no causes of action with respect to those statutes. Accordingly, the Court does not address them. *See Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 16 Civ. 2611, 2017 WL 122993, at *11 (S.D.N.Y. Jan. 12, 2017).

6

346 F.3d 357, 359 (2d Cir. 2003). The Second Circuit has "noted that the primary issues in assessing the appropriateness of declaratory relief are '(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty.'" *Chevron Corp. v. Naranjo*, 667 F.3d 232, 245 (2d Cir. 2012) (quoting *Dow Jones & Co.*, 346 F.3d at 359).

Dins alleges that an actual controversy exists because defendants (1) do "not have a valid secured interest in the Property sufficient to foreclose against the Property," (VAC ¶ 45), and (2) "failed to comply with the PSA and other trust documents." (*id.* ¶ 47). Neither theory withstands scrutiny.

      1.    <u>"Split-the-Note" Theory</u>

It is not clear from the VAC under what legal basis Dins is seeking a declaratory judgment that defendants did not have a valid interest in her property sufficient to foreclose. (VAC ¶¶ 45, 46.) Based on the "General Allegations" section of her VAC, however, the Court will assume that Dins is referring to her claim that "the Mortgage and Note were split, shattering the chain of title." (*Id.* ¶¶ 39, 41.)

"The 'split-the-note' theory posits that a transfer of a deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null." *Wilson v. Bank of N.Y. Mellon*, 12 Civ. 4636, 2013 WL 5273328, at *5 (N.D. Tex. Sept. 18, 2013). This theory has been rejected by Texas courts and federal courts applying Texas law, which governs the Deed of Trust and Note, (Deed of Trust § 16). *See, e.g., Sigaran v. U.S. Bank Nat'l Ass'n*, 560 F. App'x 410, 414 (5th Cir. 2014) (per curiam); *Epstein v. U.S. Bank Nat'l Ass'n*, 540 F. App'x 354, 356 (5th Cir. 2013) (per

7

curiam); *Lakiesha v. Bank of N.Y. Mellon*, 13 Civ. 0901, 2015 WL 5934439, at *11 (N.D. Tex. Oct. 9, 2015); *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 758-59 (N.D. Tex. 2013). "Where authorized by the deed of trust, MERS or its assigns may foreclose without being the holder of the note." *Epstein*, 540 F. App'x at 357. Beyond Dins's conclusory allegations, there is no indication here that MERS, as the beneficiary of the Deed, did not or could not assign its rights to Nationstar, and that Nationstar did not or could not assign its rights to U.S. Bank. Accordingly, this claim for a declaratory judgment fails.

2. <u>Violation of the PSA</u>

Dins also appears to allege that the assignment of her loan to the Trust was void and counter to the PSA because the loan was assigned to U.S. Bank after the Trust's closing date. Dins does not have standing under New York law, which governs the PSA, to challenge assignments she claims violated the PSA.[3]

Under New York law, to challenge the assignment of her loan to the Trust, "the assignment must be void, not merely voidable." *Sigaran*, 560 F. App'x at 413 (addressing a set of facts largely analogous to this case). But assignments in violation of the PSA are "merely voidable." *Cox*, 2016 WL 3926467, at *3 (citing cases); *see also Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 88 (2d Cir. 2014) ("[T]he weight of New York authority is contrary to plaintiffs' contention that any failure to comply with the terms of the PSAs rendered defendants' acquisition

---

[3] The Court notes that Dins also would not have standing to challenge any PSA violations under Texas law because she has not argued—and there is no indication—that she was an intended third-party beneficiary of the PSA. *See Sigaran*, 560 F. App'x at 413 (noting that, because plaintiffs did not "present[] any facts that lead this Court to believe the parties to the PSA intended any benefit to" them, plaintiffs lacked standing to challenge the assignment of their loan to the PSA under Texas law).

of plaintiffs' loans and mortgages void as a matter of trust law.  Under New York law, unauthorized acts by trustees are generally subject to ratification by the trust beneficiaries.").  Therefore, plaintiff has failed to state a claim under this theory.[4]

Accordingly, the motion to dismiss Dins's declaratory judgment claim is granted.

B. Count II (Constructive Fraud)

The Court also dismisses count two of plaintiff's VAC alleging "constructive fraud."  Under Texas law, constructive fraud "is the breach of a legal or equitable duty that the law declares fraudulent because it violates a fiduciary relationship." *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 247 (5th Cir. 2015). "It differs from the normal fraud claim in that it does not require the intent to defraud," but "centers on conduct that, at the very least, tends to deceive and thus breaches a legal or equitable duty that the law considers important." *Id.*  "A fiduciary relationship is not *required* in all constructive fraud cases." *Id.* at 247 n.5. "However, in cases lacking a fiduciary relationship, the constructive fraud claim [must be] supported by particularly egregious facts." *Id.*  There is "a split in the

---

[4] Dins also appears to allege that the transfer to the Trust was void because "the table funding by the loan originator was illegal, against public policy." (VAC ¶ 48.) "Table funding" refers to a transaction "in which funds come from a different entity than the one that originates, processes, and closes the loan." *Greystone Bank v. Peralta*, No. 10 Civ. 0695, 2010 WL 3767619, at *2 n.3 (E.D.N.Y. Sept. 20, 2010).  When it includes a kickback from the "true lender" to the ostensible lender, table funding is prohibited by the Real Estate Settlement Procedures Act. *See Warwick v. Bank of N.Y. Mellon*, No. 15 Civ. 3343, 2016 WL 2997166, at *18 (C.D. Cal. May 23, 2016).  This claim too fails. First, plaintiff's table funding allegations are conclusory.  Second, Dins has not pled any facts to allege *defendants'* involvement in any "table funding." *Cf. Fowler v. U.S. Bank, Nat'l Ass'n*, 2 F. Supp. 3d 965, 973 (S.D. Tex. 2014) (finding that transferee defendants could not be held liable for a transferor's actions taken in the context of the loan origination).  Third, plaintiff does not allege that any table funding was the source of the harm of which she complains. *See Nan Hui Chen v. Deutsche Bank Nat'l Trust Co.*, No. 13 Civ. 3352, 2014 WL 6668785, at *10 (N.D. Cal. Nov. 24, 2014) ("Plaintiff does not claim she would have continued to make payments if there was no table-funding scheme.").

Fifth Circuit as to whether the [Federal] Rule [of Civil Procedure] 9(b) particularity standards applied to constructive fraud . . . claims." *Schouest v. Medtronic, Inc.*, 92 F. Supp. 3d 606, 609-10 (S.D. Tex. 2015).

Here, plaintiff alleges that, "[f]rom the closing through today, Defendants materially misrepresented their respective status as the holder and owner of the Note and Mortgage," and failed to disclose that the assignment of Dins's loan to the Trust was void. (VAC ¶¶ 51, 52.) "These facts are not egregious enough to eliminate the need to establish the existence of a fiduciary duty." *Guajardo*, 605 F. App'x at 247. "[T]he relationship between a borrower and its lender generally does not create a fiduciary duty," and Dins alleges no extraordinary circumstances to defeat this general proposition. *Baskin v. Mortgage & Trust, Inc.*, 837 S.W.2d 743, 747 (Tex. Ct. App. 1992); *see also Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1006 (S.D. Tex. 2011) ("[T]he relationship of a mortgagor and a mortgagee does not give rise to a duty of good faith and fair dealing, no less a fiduciary duty."). Accordingly, Dins's constructive fraud claim is dismissed.

C. Counts III and V (TILA)[5]

Under her third and fifth causes of action, Dins alleges that defendants violated TILA by failing to disclose "each and every purported assignment or

---

[5] Dins brings her fifth cause of action under the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1641(g). TILA is part of Title I of CCPA, and 15 U.S.C. § 1641(g) is part of TILA. *See Stein v. JP Morgan Chase Bank*, 279 F. Supp. 2d 286, 290 n.2 (S.D.N.Y. 2003). Accordingly, the Court will treat both counts as having been brought under TILA.

10

transfer of the Note and Mortgage," (VAC ¶ 59; *see also id.* ¶¶ 72, 73), and that the loan originator "table funded" her loan, (*id.* ¶ 60).[6]

TILA provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g)(1). The "statute of limitations for causes of action brought under TILA . . . is one year from the date of the alleged violation." *Obal v. Deutsche Bank Nat'l Trust Co.*, No. 14 Civ. 2463, 2015 WL 631404, at *10 (S.D.N.Y. Feb. 13, 2015); *see* 15 U.S.C. § 1640(e).

Dins alleges that defendants failed to notify her that her loan was: (1) table funded when it was made on June 30, 2006, (VAC ¶¶ 37, 60); (2) assigned in April 2011 (Assignment 1), (*id.* ¶¶ 14, 60, 73); and that it was assigned again in May 2015 (Assignment 2), (*id.* ¶¶ 19, 60, 73). Dins filed this lawsuit against defendants in April 2016. (Compl.) On July 21, 2016, she filed the VAC.

Dins's allegations that defendants failed to disclose the fact that her loan was table funded in June 2006 and that it was assigned in April 2011 are time barred, and Dins has not provided any grounds for equitable tolling. *See Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286 (S.D.N.Y. 2011) ("Equitable tolling is available [only] in rare and exceptional circumstances, where the court finds that extraordinary circumstances prevented the party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he

---

[6] In count five, Dins alleges that defendants "failed to record and notify [her] of the purported Assignments 1, 2, 3, and 4." (*Id.* ¶ 73.) Assignments 3 and 4 are nowhere to be found in the VAC.

11

sought to toll." (internal quotation marks and citation omitted)). However, Dins's TILA claim regarding Assignment 2, which occurred in May 2015, could relate back to her original pleading, which was filed in April 2016 and within the one-year statute of limitations. In particular, although Dins brought only state-law claims in her original pleading, her TILA claims in the VAC arose out of "the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" and were brought against the same defendants. Federal Rule of Civil Procedure 15(c). Accordingly, the Court cannot say that plaintiff's claim regarding Assignment 2 is barred by TILA's one-year statute of limitations.

Even if Dins's allegations regarding defendants' failure to disclose Assignment 2 are not time barred, however, they fail to state a claim under TILA. As an initial matter, only U.S. Bank as the "new owner or assignee," and not Nationstar, would have been obligated to notify Dins of Assignment 2. 15 U.S.C. § 1641(g)(1). Furthermore, Dins elsewhere claims that defendants could not foreclose because they did not have a "valid secured interest in the property." (VAC ¶¶ 19, 22, 40, 45.) This allegation conflicts entirely with any right Dins has under TILA because "to recover against Defendant[s] for failure to comply with § 1641(g) . . . she would have to allege and prove that her mortgage was sold or transferred to Defendant[s], but she essentially argues that the opposite was the case." *Price v. U.S. Bank Nat'l Ass'n*, 13 Civ. 0175, 2013 WL 3976624, at *10 (N.D. Tex. Aug. 2, 2013). Accordingly, even assuming her TILA claim related to Assignment 2 is

timely under Rule 15(c)'s relation-back doctrine, Dins has failed to plead a plausible claim under 15 U.S.C. § 1641(g).

Defendants' motion to dismiss counts three and five of the VAC is granted.

### D. Count IV (Slander of Title)

In count four of the VAC, Dins brings a claim for slander of title on the basis that defendants recorded the assignment of the Deed from Nationstar to U.S. Bank despite knowing the assignment was void, and that they foreclosed on her property based on the void assignment. (VAC ¶¶ 62, 63.)

Under Texas law, slander of title is "a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Elijah Ragira/VIP Lodging Grp., Inc. v. VIP Lodging Grp., Inc.*, 301 S.W.3d 747, 758 (Tex. Ct. App. 2009). A plaintiff must show "the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, [] that the injured party possessed an interest in the property disparaged," and the loss of a specific sale. *Id.* at 759. Here, Dins has failed to plead anything more than conclusory allegations with regard to the essential elements of falsity or malice on the part of defendants. *See Johnson-Williams v. CitiMortgage, Inc.*, 14 Civ. 3927, 2015 WL 4997811, at *11 (N.D. Tex. Aug. 19, 2015); *Conrad v. SIB Mortg. Corp.*, 14 Civ. 915, 2015 WL 1026159, at *3 (N.D. Tex. Mar. 6, 2015). Furthermore, the allegations are premised on the "split-the-note" theory, which the Court already has rejected. *See Allen v. Washington Mut. Bank*, No. 15 Civ. 0411, 2015 WL 4395141, at *7 (W.D. Tex. July 16, 2015), *adopted by* 2015 WL 11438108 (W.D. Tex. Aug. 19, 2015). Accordingly, the motion to dismiss Dins's slander of title claim is granted.

  E. <u>Count VI (Rescission)</u>

Dins seeks to rescind her loan under TILA. TILA contains a three-year statute of limitations for rescission claims. 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."); *see Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998). Dins alleges that the loan transaction occurred on or about June 30, 2006. (VAC ¶ 10.) The right of rescission therefore expired on or about June 30, 2009. Plaintiff filed this lawsuit in 2016, over six years after the right of rescission expired. Accordingly, Dins's rescission claim is dismissed.

IV. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss the VAC is GRANTED. The claims against the unnamed defendants are dismissed.

Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion at ECF No. 15 and to terminate this action.

  SO ORDERED.

Dated:  New York, New York
     February 13, 2017

               _____
                KATHERINE B. FORREST
                United States District Judge

Copy to:
Tatiana Dins
2709 Jackson St
San Francisco, CA 94115

Tatiana Dins
1592 Union Street, Unit #90
San Francisco, CA 94115

Tatiana Dins
3045 Marina Bay Drive
Unit 4102
League City, TX 77573